UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER HARPER, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>TRUE NORTH FLEXSTAFF, INC., and NORTHWELL HEALTH, INC.,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.:** 25-cv-3040<br><br>Jury Trial Demanded |

CHRISTOPHER HARPER ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against TRUE NORTH FLEXSTAFF, INC. ("FlexStaff"), and NORTHWELL HEALTH, INC. ("Northwell"), (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF CASE**

1.      This is a civil action for damages and other redress based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers pay their employees all of their earned wages in a timely

manner, NYLL § 191; (iv) the NYLL's requirement that employers pay their employees all of their earned wages in full and without deduction, NYLL § 193; (v) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - two New York not-for-profit corporations: one, FlexStaff, a staffing agency that places employees in and administers the employment of employees in various Northwell hospitals, and the other, Northwell, a large network of hospitals in New York - - as either his single or joint employers, as a traveling radiology technician from November 28, 2023 until September 10, 2024.

3. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours per workweek, or virtually each week, but Defendants, in violation of the overtime provision of the FLSA and the NYLL, failed to pay Plaintiff all overtime wages due to him at the proper overtime rate for all hours that he worked over forty in a week by: (a) using an impermissible rounding scheme that rounded the time he clocked in and out to match his scheduled hours unless he began working fifteen or more minutes before the start of his scheduled shift or worked fifteen or more minutes past the end of his scheduled shift, which had the effect of systematically undercompensating him; and (b) automatically deducting a thirty-minute meal break each shift, or two thirty-minute meal breaks for shifts longer than twelve hours, regardless of whether Plaintiff actually took such breaks.

4. Moreover, through this two-part scheme, Defendants failed to pay Plaintiff all of his earned wages in a timely manner and took unlawful deductions from Plaintiff's earned wages, both in violation of the NYLL.

5. Defendants further violated the NYLL by failing to furnish Plaintiff with a wage statement on each payday that accurately reflected all hours that he worked in a week.

6. Defendants paid and treated all of their non-managerial traveling healthcare employees, such as technicians, non-exempt nurses, nursing assistants, cooks, janitorial and maintenance staff, clerical workers, and other hourly workers, in the same manner.

7. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

8. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL and NYCRR limitations period who suffered damages as a result of Defendants' violations of the NYLL and the NYCRR.

## JURISDICTION AND VENUE

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district, in that Defendants' business is located in this District, and Plaintiff performed all or substantially all of his work for Defendants in this District.

## PARTIES

11. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

12. At all relevant times herein, Defendant Flexstaff was and is a New York not-for-profit corporation with its principal place of business located at 2000 Marcus Avenue, New Hyde Park, New York 11042.

13. At all relevant times herein, Defendant Northwell was and is a New York not-for-profit corporation with its principal place of business also located at 2000 Marcus Avenue, New Hyde Park, New York 11042.

14. Both Defendants, while nominally distinct entities, in practice operate together as a single enterprise, or alternatively, as joint employers. More specifically, besides sharing the same principal place of business, Defendant FlexStaff is a staffing agency that provides staff exclusively for Defendant Northwell. Moreover, once FlexStaff places staff at Northwell's health care facilities, Northwell supervises and directs their work and sets their schedules, while FlexStaff tracks their hours, pays them, and sets their rate of pay. Northwell has the authority to have any employee on FlexStaff's payroll removed from a facility, while FlexStaff also has the authority to fire any employees that it places at Northwell.

15. At all relevant times, both Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Defendants' qualifying annual business that is performed for commercial business purposes has exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, use medical supplies obtained from vendors in states other than New York, and recruit staff from outside of New York. Moreover, while organized as non-profit corporations,

Defendants together engage in ordinary commercial activities by providing healthcare services to patients for a fee, and in doing so, they compete with for-profit healthcare providers who provide the same or similar services. The combination of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise despite their non-profit status.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees whom Defendants paid on an hourly basis, and who during the applicable FLSA limitations period, performed any work for Defendants as non-managerial traveling staff, including but not limited to technicians, nurses, nursing assistants, cooks, janitorial and maintenance staff, clerical workers, and other hourly workers, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

17. At all relevant times herein, Defendants have treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) have performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

18. At all relevant times herein, Defendants are and have been aware of the requirement to pay their hourly employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over

5

forty, yet they purposefully and willfully chose and continue to choose not to do so.

19. Indeed, Plaintiff complained to Defendants about their unlawful rounding scheme that deprived him of all earned overtime compensation on multiple occasions, as well as their unlawful deductions for breaks that he did not take on at least one occasion, but Defendants did not make any effort to correct their rounding scheme, compensated him for several of the missed breaks many weeks late, and failed to compensate him at all for at least one missed break that he specifically brought to their attention.

20. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully failing to pay them overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

21. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

22. Under FRCP 23(b)(3), a plaintiff must plead that:

 a. The class is so numerous that joinder is impracticable;

 b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

 c. Claims or defenses of the representative are typical of the class;

 d. The representative will fairly and adequately protect the class; and

 e. A class action is superior to other methods of adjudication.

23. Plaintiff seeks certification of the following FRCP 23 class:

Current and former non-managerial traveling hospital staff whom

6

>Defendants paid on an hourly basis, including but not limited to technicians, nurses who do not qualify for any NYLL exemptions, nursing assistants, cooks, janitorial and maintenance staff, clerical workers, and other non-exempt hourly workers, who during the applicable NYLL limitations period, performed any work for Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

24. During all times applicable to the NYLL, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

25. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours in a week; (2) whether Defendants properly compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (3) whether Defendants failed to pay the Rule 23 Plaintiffs all of their earned wages in a timely manner, in full and without deduction; (4) whether Defendants furnished and furnish the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information that NYLL § 195(3) requires; (5) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (6) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (7) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (8) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (9) if so, what constitutes the proper measure of

damages.

## Typicality of Claims and/or Defenses

26. As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as non-managerial traveling healthcare employees whom they paid on an hourly basis. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, yet Defendants have failed to: pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked in excess of forty in a week; timely pay them at their regular hourly rate for all hours worked each week in full and without deduction; and provide them with an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to receive overtime wages at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, to be timely paid in full for all wages due each week, and to be furnished with an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

## Adequacy

27. Plaintiff, as described below, worked the same or similar hours and has been subject to the same unlawful pay schemes as the Rule 23 Plaintiffs throughout his employment

with Defendants. Defendants did not pay Plaintiff overtime at the rate of one and one-half times his regular rate of pay for all of his hours worked over forty in a week, did not pay him on a timely basis at his regular hourly rate for all hours worked per week in full and without deduction, and did not furnish him with an accurate wage statement on each payday, which is substantially-similar to how Defendants have paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

28. Additionally, Plaintiff's counsel has substantial experience in this field of law.

**Superiority**

29. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants have treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

30. Any lawsuit brought by any hourly, non-managerial, non-exempt employee of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

31. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

32. Defendant FlexStaff is a New York not-for-profit corporation that recruits and places traveling healthcare workers exclusively at hospitals and other healthcare facilities owned

and/or operated by Defendant Northwell throughout the State of New York.

33. Defendant Northwell is a New York not-for-profit corporation that owns and/or operates numerous hospitals and other healthcare facilities throughout the State of New York.

34. Plaintiff worked for Defendants as a traveling radiology technologist from November 28, 2023, until September 10, 2024, based out of Northwell's Mather Hospital location in Port Jefferson, New York.

35. In cooperation with and/or on behalf of Defendant Northwell, Defendant FlexStaff hired Plaintiff, drafted and executed Plaintiff's employment contract, and was responsible for paying Plaintiff, while Defendant Northwell, in cooperation with Defendant FlexStaff, set Plaintiff's schedule and directed and supervised his work. Indeed, the employment agreement that Flexstaff presented to Plaintiff specifically required that he agree to "follow all applicable Northwell and Facility policies, rules, regulations and procedures" as a condition of his continued employment with FlexStaff.

36. As a radiology technologist, Plaintiff's primary duties consisted of preparing patients for radiology examinations, ensuring that enough information was obtained for physicians to make diagnoses, assisting in the management of patient flow, and presenting images mounted for physician diagnosis.

37. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did generally work, a minimum of four twelve-hour shifts per week, totaling forty-eight hours per week. More specifically, while Plaintiff's hours varied in practice, at minimum, Defendants regularly scheduled him for one twelve-hour overnight shift on Fridays from 7:00 p.m. until 7:00 a.m. the next morning, one twelve-hour overnight shift on Saturdays from 7:00 p.m. until 7:00 a.m. the next morning, and two overnight shifts on weeknights from 8:00 p.m. until 8:00 a.m. the

10

next morning.

38. Additionally, due to staff shortages, Plaintiff regularly worked one or two additional twelve-hour shifts per week, bringing the total number of hours that he worked most weeks to either sixty or seventy-two.

39. In exchange for his work, Defendants paid Plaintiff on an hourly basis at the regular hourly rate of $64.00, plus a weekly *per diem* stipend, and at an overtime rate of $96.00.

40. However, in deciding how many hours of work for which they would compensate him, Defendants employed an unlawful scheme that rounded Plaintiff's time in a manner that nearly always resulted in rounding down, almost never up, and thus systematically undercompensated him. Specifically, Defendants would round Plaintiff's clock-in and clock-out times to match his scheduled start and end time unless he worked more than fifteen minutes before or after his scheduled start or end time, in which case Defendants would round his time to the nearest fifteen minutes. As a result, Defendants would fail to compensate Plaintiff for as many as fourteen minutes of time each at the beginning and end of his shifts.

41. Additionally, Defendants automatically deducted one thirty-minute break from Plaintiff's hours if his shift was six hours or more, and two thirty-minute breaks from Plaintiff's hours if his shift was twelve hours or more, regardless of whether Plaintiff actually took those breaks. In practice, Plaintiff was almost never able to take his break during overnight shifts due to staffing shortages, which Defendants were aware of, yet they continued to automatically deduct for breaks on those shifts, and only corrected the auto-deduction some of the time if Plaintiff brought the discrepancy to their attention. When Defendants did correct auto-deductions, they did so weeks or even months after Plaintiff's regular payday.

42. By way of example only, for the workweek of April 15 through April 20, 2024,

11

Plaintiff worked the following shifts:

    Sunday, April 14: Off;

    Monday, April 15: 7:59 a.m. through 8:00 p.m., with one thirty-minute break (11.52 hours);

    Tuesday, April 16: 2:21 p.m. through 9:31 p.m., with one thirty-minute break (6.67 hours);

    Wednesday, April 17: 9:55 a.m. through 6:01 p.m., with one thirty-minute break (7.60 hours);

    Thursday, April 18: 8:00 a.m. through 7:01 p.m., with one thirty-minute break (10.52 hours);

    Friday, April 19 – Saturday, April 20: 6:54 p.m. through 7:05 a.m., with no break (12.18 hours); and

    Saturday, April 20 – Sunday, April 21: 6:54 p.m. through 7:08 a.m., with no break (12.23 hours).

In total, Plaintiff worked sixty hours and forty-three minutes that week. However, as a result of Defendants' practice of rounding to Plaintiff's scheduled shift unless his excess work exceeded fifteen minutes at a time, and of automatically deducting for breaks not taken, Defendants only paid Plaintiff for a total of fifty-nine hours for that week, as follows:

    Monday, April 15: 11.52 hours worked, 11.5 hours paid;

    Tuesday, April 16: 6.67 hours worked, 6.5 hours paid;

    Wednesday, April 17: 7.6 hours worked, 7.5 hours paid;

    Thursday, April 18: 10.52 hours worked, 10.5 hours paid;

    Friday, April 19 – Saturday, April 20: 12.18 hours worked, 11.5 hours paid; and

    Saturday, April 20 – Sunday, April 21: 12.23 hours worked; 11.5 hours paid.

Thus, Defendants paid Plaintiff for only nineteen hours of overtime, rather than the twenty hours

and forty-three minutes of overtime that he actually worked.

43. By way of another example, for the workweek of June 23 through June 29, 2024, Plaintiff worked the following shifts:

Sunday, June 23: Off;

Monday, June 24: 7:53 a.m. through 8:03 p.m., with one thirty-minute break (11.67 hours);

Tuesday, June 25: 7:52 a.m. through 8:01 p.m., with one thirty-minute break (11.65 hours);

Wednesday, June 26: Off;

Thursday, June 27: 7:17 a.m. through 8:44 p.m., with no break (13.45 hours);

Friday, June 28: 2:52 p.m. through 6:59 p.m., with no break (4.12 hours);

Friday, June 28 – Saturday, June 29: 7:00 p.m. through 6:57 a.m., with no break (11.95 hours); and

Saturday, June 29 – Sunday, June 30: 6:51 p.m. through 7:00 a.m., with no break (12.15 hours).

In total, Plaintiff worked sixty-four hours and fifty-nine minutes that week. However, as a result of Defendants' practice of rounding to Plaintiff's scheduled shift unless his excess work exceeded fifteen minutes at a time, and of automatically deducting for breaks not taken, Defendants only paid Plaintiff for a total of sixty-two hours and thirty minutes for that week, as follows:

Monday, June 24: 11.67 hours worked, 11.5 hours paid;

Tuesday, June 25: 11.65 hours worked, 11.5 hours paid;

Thursday, June 27: 13.45 hours worked, 13 hours paid after August 15, 2024 correction;

Friday, June 28 (first shift): 4.12 hours worked, 4 hours paid;

Friday, June 28 – Saturday, June 29: 11.95 hours worked, 11.5 hours paid; and

Saturday, June 29 – Sunday, June 30: 12.15 hours worked; 11.5 hours paid.

13

Thus, Defendants paid Plaintiff for only twenty-two hours and thirty minutes of overtime, rather than the twenty-four hours and fifty-nine minutes of overtime that he actually worked.

44. Defendants paid Plaintiff on a weekly basis throughout his employment.

45. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed Plaintiff's hours worked for that week. This harmed Plaintiff by making it unreasonably difficult for him to know exactly how much compensation he was entitled to receive and resulted in the underpayment of wages as asserted herein.

46. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

47. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

48. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

49. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

51. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

52. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty

hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

53. Defendants willfully violated the FLSA.

54. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCRR*

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

58. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

59. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Wages on a Timely Basis in Violation of the NYLL*

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. NYLL § 191(1)(a) requires that employers pay their manual worker employees all of their earned wages on at least as frequently as a weekly basis. Similarly, NYLL § 191(1)(d) requires that employers pay their clerical and other employees all of their earned wages on at least as frequently as a semi-monthly basis.

64. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

65. As also described above, Defendants failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action all of their earned in a timely manner.

66. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-in to this action are also entitled to recover all unpaid wages, liquidated damages associated with any missed or late payments, interest, and attorneys' fees for Defendants' violations of the NYLL's requirement to pay all earned wages to their employees in a timely manner.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unlawful Deductions in Violation of the NYLL*

67. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action

16

repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. NYLL § 193 prohibits employers from making any deduction from an employee's wages, outside of certain limited enumerated circumstances, none of which is applicable here, and even then only upon obtaining that employee's express written consent.

69. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

70. As also described above, Defendants made unlawful deductions from the wages of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action.

71. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to compensation for the amount of money that Defendants deducted from their wages.

72. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to recover liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's unlawful deduction provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

73. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. NYLL § 195(3) requires that employers furnish employees with a wage statement on each payday that contains accurate, specifically enumerated criteria.

75. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees

within the meaning of the NYLL.

76. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with a wage statement that accurately contained all of the criteria that the NYLL requires.

77. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

78. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely

FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

  f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

  g. Awarding liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  i. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and FRCP;

  j. Awarding pre-judgment and post-judgment interest, as provided by law; and

      k.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       June 02, 2025

                        Respectfully submitted,

                        BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

LAUREN R. REZNICK (5287768)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MB 8533)